## (May 10, 1960)

■ ALBERT MENNA et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 33466.) — Decision of this court, handed down March 18, 1960 (10 A D 2d 753), amended by striking out the words " with appropriate interest." Order settled and signed. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of AUSTIN J. BOUDREAU. FORD MOTOR COMPANY, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner of the State of New York, Respondent.— Motion by the Empire State Chamber of Commerce, Inc., to file a brief *amicus curiæ*, granted. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

## (May 11, 1960)

■ In the Matter of HYMAN WOLFSON, Appellant, against STATE EDUCATION DEPARTMENT et al., Respondents.— Application by Maurice F. O'Connell and other persons similarly situated for leave to file a brief *amicus curiæ* and to be heard orally on the appeal of petitioner-appellant. Application granted. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

## (May 16, 1960)

■ In the Matter of HOTEL WAGNER CORPORATION, Respondent. MARTIN P. CATHERWOOD, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which reversed the initial determination that the respondent Hotel was the employer of musicians and subject to unemployment insurance contributions. The musicians who rendered services for the Hotel did so pursuant to a " Form B " type of contract, which provides: " The employer shall at all times have complete control of the services which the employees will render under the specifications ". Thus by agreement the Hotel had the right of control whether it exercised the right or not. There is no evidence in this case to establish that such a clause was a complete fiction, in fact, there is some evidence of the actual exercise of control. In such circumstances it was within the province of the Industrial Commissioner to find that the Hotel was an employer and subject to contributions. (*Matter of Basin St. [Lubin]*, 6 N Y 2d 276; *Matter of American Legion [Catherwood]*, 10 A D 2d 400.) Decision reversed and the initial determination of the Commissioner reinstated, with costs to appellant. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.